UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

**GREGORY PUGIN,**

    **Plaintiff,**

v.

**THE BILTMORE HOTEL LIMITED
PARTNERSHIP, A Florida Limited Partnership,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, GREGORY PUGIN ("Mr. Pugin" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Miami-Dade County, Florida.

4. Plaintiff worked for Defendant in Miami-Dade County, Florida, and the venue, therefore, for this case is the Miami Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant as an Executive Chef from June 4, 2013, until May 31, 2019.

8. During his tenure, Plaintiff was an excellent employee, who had no significant history of disciplinary, attendance, or performance issues.

9. On May 16, 2019, Plaintiff suffered a work related and serious injury to his back, for which he required/requires significant and ongoing medical care on a continuing basis.

10. Plaintiff's medical team advised him that he would need to be out of work for treatment, physical therapy, and possible surgery through July 2019, of which Plaintiff notified Defendant.

11. Plaintiff's medical treatment, physical therapy, possible surgery, need for time away from work for same, and notification to Defendant regarding same, triggered Defendant's legal obligation to provide him with FMLA-protected leave from work.

12. Defendant failed to provide Plaintiff with any documents, notices, or forms advising him of the protected nature of his medical time away from work and his rights to reinstatement.

13. Defendant failed to notify Plaintiff of his FMLA rights and entitled to FMLA leave and its attending protections.

14. Plaintiff's absences related to his serious health condition clearly were protected by the FMLA, and his notification of same to his superiors satisfied the FMLA notice requirements. *See* 29 C.F.R. § 825.03 (employees must notify employer of their need for leave, as soon as practicable under the facts and circumstances of the particular case).

15. An employer's failure to provide an employee with proper guidance and notice of her FMLA rights, amounts to actionable interference. *See Patterson v. Browning's Pharm. & Healthcare, Inc.,* 961 So. 2d 982, 986 (Fla. 5th DCA 2007).

16. On May 31, 2019, while Plaintiff should have been on FMLA protected leave, Defendant contacted him by telephone to notify him that his employment was being terminated.

17. Based on the foregoing, Plaintiff was not returned to the same, or substantially similar/equivalent position upon what would be his return from FMLA leave.

18. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

19. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against him for utilizing what should have been proper and authorized FMLA leave.

20. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for him for his use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

21. The timing of Plaintiff's use of what should have been protected FMLA leave, and Defendant's termination of employment, alone demonstrates a causal connection between what should have been his protected FMLA leave and these illegal actions taken by Defendant against him.

22. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave.

23. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## UNLAWFUL INTERFERENCE UNDER THE FMLA

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21, and 23 above.

25. At all times relevant hereto, Plaintiff was protected by the FMLA.

26. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

27. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

28. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

29. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## UNLAWFUL RETALIATION UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

33. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

34. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

35. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated this 12th day of June 2019.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esquire
Florida Bar No. 0085476
Richard D. Guadagnolo
Florida Bar No. 0109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
Email:
noah@floridaovertimelawyer.com
rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*